IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOSEPH LIPOVSKY**                                                             **PLAINTIFF**

**V.**                                                                           **NO. 4:14-CV-00047-DMB-JMV**

**THOMAS VILSACK, SECRETARY,**
**UNITED STATES DEPARTMENT OF**
**AGRICULTURE**                                                           **DEFENDANT**

## ORDER GRANTING MOTION TO DISMISS

This employment discrimination action is brought by Plaintiff Joseph Lipovsky against his current employer, the United States Department of Agriculture ("USDA"). Doc. #84. Lipovsky alleges that Defendant violated Title VII of the Civil Rights Act by engaging in unlawful harassment and retaliation on the basis of his prior statutorily protected activity. *Id*. Before the Court is Defendant's motion to dismiss or, in the alternative, for summary judgment. Doc. #96.

### I
### Previous Lawsuit and Procedural History

**A. 2005 Lawsuit**

In 2005, Plaintiff filed a civil suit in the United States District Court for the Central District of Illinois[1] alleging that the USDA engaged in unlawful employment discrimination when it downgraded him from a GS-14 Patent Advisor position to a GS-11 Patent Advisor/Foreign Document Prosecution Specialist. *See Lipovsky v. Johanns*, No. 1:05-cv-1304

---

[1] Although the evidentiary record is less than clear, Plaintiff's 2008 performance review lists Peoria, Illinois, as his duty station. *See* Doc. #96-1 at Ex. 17 at 207. The Court assumes that Plaintiff's previous employment occurred in Peoria.

(C.D. Ill. Oct. 11, 2005) ("*Lipovsky I*"), at Doc. #1 at ¶ 6. Although Plaintiff's complaint purported to arise from the Americans with Disabilities Act and Title VII, the document asserted only a single count – a claim for discrimination under the ADA that "plaintiff was demoted in violation of the ADA due to his alleged inability to perform the excessive workload given him." *Id*. at ¶¶ 4, 18.

On March 17, 2006, Plaintiff filed an amended complaint "for discriminatory conduct in violation of the Rehabilitation Act of 1973 and 42 U.S.C. § 2000(e) (Title VII)." *Lipovsky I*, Doc. #18 at ¶ 1. Plaintiff's amended complaint alleged that "plaintiff was demoted in violation of the [Rehabilitation] Act due to his alleged inability to perform the excessive workload given him." *Id*. at ¶ 18.

On June 26, 2008, Defendant moved for summary judgment on Plaintiff's Rehabilitation Act claim. *Lipovsky I*, at Doc. #39. Approximately six weeks later, U.S. Magistrate Judge John A. Gorman denied the motion for summary judgment. *Id*. at Doc. #49.

On November 14, 2008, Defendant and Plaintiff executed a settlement agreement under which Plaintiff agreed to "waive all claims whether known or unknown against the USDA, its agents, servants or employees that relate to any and all allegations of discrimination which occurred prior to the entry of the Order dismissing this case." *Lipovsky I*, at Doc. #70 at ¶ 3. In return, Defendant agreed to pay Plaintiff $350,000 and to "provide the plaintiff with an Associate Technology Transfer Coordinator ("ATTC") position located in New Orleans, Louisiana." *Id*. at ¶¶ 4–5.

> Under the terms of the settlement, the parties agreed that the ATTC position:
>
> shall be classified as a GS-14, Step 10 level. Further, the plaintiff may seek an audit of this position in approximately one year or when events warrant to determine if the duties engaged in by the plaintiff allow for a job re-classification. This audit shall be conducted in the usual manner. The parties shall agree

> between themselves on when the plaintiff is to commence acting in this position. Unless otherwise approved in writing by the parties, in no case shall the time for plaintiff to start at this position be later than 90 days from the entry of the Order dismissing this case. The plaintiff shall be physically located in New Orleans and the costs of relocation to New Orleans shall be borne by the plaintiff.

*Id.* at ¶ 5.

On November 14, 2008, commensurate with the terms of the Settlement Agreement, Judge Gorman entered an order dismissing the case. *Lipovsky I*, at Doc. #71. The stipulated order of dismissal provided: "The parties further agree that this Court shall retain jurisdiction to enforce the terms and conditions set forth in the Agreement for Compromise and Settlement and Release of Claims for a period of Fourteen (14) Months from the date that the plaintiff commences his GS-14, Step 10 position." *Id.*

### B. Procedural History

#### 1. Commencement of Action in Central District of Illinois

On October 26, 2011, Plaintiff filed this action in the Central District of Illinois, Peoria Division. Doc. #1. The original complaint, brought under the anti-retaliation provision of Title VII, vaguely alleged that Defendant, "by and through the managers[,] department heads[,] and supervisors … engaged in a systematic course of conduct designed to harass and retaliate against Lipovsky because of the disability law suit he previously filed, and because of subsequent employment discrimination complaints he filed, to prevent him from attaining the full status of Technology Transfer Coordinator position at the GS-15 level as was the intent of the Settlement Agreement in case 05-1304." *Id.* at ¶ 15.

On December 19, 2011, Defendant filed a motion to dismiss, arguing that the Court lacked subject matter jurisdiction over the settlement agreement and that venue in the Central District of Illinois was improper. Doc. #4. On April 30, 2012, U.S. District Judge James Shadid

granted Defendant's motion to dismiss. Doc. #7. In the order granting the motion, Judge Shadid held that "to the extent that Plaintiff's Title VII claims arise from an alleged breach of the settlement agreement [the] Court no longer has jurisdiction over them." *Id*. at 3. Judge Shadid also held that, to the extent Plaintiff sought to pursue an independent claim of retaliation, "venue would lie in the Eastern District of Louisiana." *Id*. at 5.

On May 18, 2012, Plaintiff filed an amended complaint, once again in the Central District of Illinois. Doc. #8. The amended complaint asserted two counts: (1) a claim for breach of contract; and (2) a claim for retaliation under Title VII. *Id*. On May 24, 2012, Defendant filed a second motion to dismiss. Doc. #9. In the memorandum accompanying its motion, Defendant argued that the Court lacked jurisdiction over the breach of contract claim, and that, as observed in Judge Shadid's order, venue was improper. Doc. #10. By text order on October 22, 2012, Judge Shadid, noting that Plaintiff had conceded the venue issue, transferred this matter to the Eastern District of Illinois and denied Defendant's second motion to dismiss as moot.

### 2. Proceedings in Eastern District of Illinois

On January 14, 2013, Defendant filed a motion to dismiss Plaintiff's breach of contract claim for lack of jurisdiction. Doc. #18. In its motion, Defendant argued that, pursuant to the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims held exclusive jurisdiction over Plaintiff's breach of contract claim. Doc. #18-1 at 4–5. On February 20, 2013, following a hearing on the motion, U.S. Magistrate Judge Alma Chasez[2] entered a minute order granting Defendant's motion to dismiss. Doc. #32.

---

[2] On January 29, 2013, the parties consented to the jurisdiction of a U.S. Magistrate Judge. Doc. #23. In accordance with this consent, the matter was assigned to Judge Chasez. *Id.*

On October 23, 2013, Plaintiff filed a motion to file a second amended complaint. Doc. #38. In his motion, Plaintiff sought to amend the complaint to incorporate additional acts of retaliation and to "establish a separate count of unlawful workplace harassment …." *Id.* Judge Chasez denied Plaintiff's motion to amend without prejudice on December 12, 2013. Doc. #45.

On February 6, 2014, Plaintiff filed a "Motion to Suspend Discovery and to Continue the Deadlines in this Matter." Doc. #50. In his motion, Plaintiff alleged that he "elected to submit the dispute to mediation through the Alternative Dispute Resolution … process" and that Plaintiff was waiting for resolution of a third administrative investigation regarding his complaint number ARS-2013-00590. *Id*. Plaintiff represented that, in the event mediation was not successful, he would consolidate the allegations of ARS-2013-00590 into a single complaint and seek transfer "to an appropriate venue in the state of Mississippi." *Id*. Plaintiff's motion was granted on February 7, 2014. Doc. #52.

On March 26, 2014, Plaintiff filed an unopposed motion to re-open the case and to transfer the matter to the Northern District of Mississippi. Doc. #54. This motion was granted on March 28, 2014, and this matter was subsequently transferred to the undersigned district judge. *See* Doc. #57, 60.

### 3. Proceedings in the Northern District of Mississippi

On June 27, 2014, Plaintiff filed a motion to file a second[3] amended complaint. Doc. #72. In his motion, Plaintiff sought to: (1) remove the breach of contract claim; (2) add additional acts of "retaliatory discrimination and harassment;" (3) "consolidate the continuing

---

[3] While Plaintiff had previously moved to file a second amended complaint, a second amended complaint was not filed prior to Judge Chasez staying the matter.

5

allegations of discrimination investigation by EEOC;" and (4) "to establish a separate count of unlawful workplace harassment from the retaliation charges." *Id.*

On July 22, 2014, U.S. Magistrate Judge Jane Virden granted Plaintiff leave to file a second amended complaint, Doc. #83, which Plaintiff filed on July 28, 2014. Doc. #84. Plaintiff's second amended complaint, which alleges claims for retaliation and retaliatory harassment, focuses almost entirely on the terms of the settlement agreement and Defendant's lack of compliance with such terms. *Id.* Specifically, the second amended complaint alleges:

> 12. The settlement was intended to settle the dispute brought by Lipovsky under the Americans with Disabilities Act.
>
> 13. In consideration for Lipovsky agreeing to settle his [previous] dispute, the defendant agreed, among other things, to temporarily assign Lipovsky to a newly created position called Associate Technology Transfer Coordinator ("ATTC") located in New Orleans Louisiana, at a GS-14 Step 10, level for approximately one (1) year with the understanding that this would serve as a refresher period …. After the aforementioned time period had past, Lipovsky was promised he would be promoted to Technical Transfer Coordinator, GS-15 level for the Mid-South Area.
>
> 14. The parties also agreed to implement a performance evaluation system based upon the equal input of five (5) individuals for whom Lipovsky had previously performed TTC services, but said system was never implements.
>
> 15. Plaintiff began performing the duties of ATTC on January 5, 2009. Plaintiff has in good faith performed each and every part of his agreement with defendant.
>
> 16. As part of the agreement, plaintiff's performance and position were to be audited by the defendant agency, but contrary to their agreement, defendant failed and refused to complete an audit.
>
> 17. Defendant has failed and refused to promote plaintiff to the TTC position at the GS-15 level all though [sic] plaintiff has successfully performed the duties of the position and TTC positions have been, and currently are open, in the Mid South Area ….
>
> 19. Defendant, by and through the managers department heads and supervisors of the Department of Agriculture engaged in a systematic course of conduct designed to harass and retaliate against Lipovsky because of the disability lawsuit he previously filed, and because of subsequent employment discrimination

6

complaints he filed, to prevent him from attaining the full status of Technology Transfer Coordinator position at the GS-15 level.

Doc. #84 at ¶¶ 13–17, 19. Based on these allegations, Plaintiff seeks: (1) an order directing that he be promoted to TTC, GS-15; (2) back pay; (3) compensatory damages; and (4) costs and attorney's fees. *Id.* at ¶¶ A–E.

On September 19, 2014, Defendant answered Plaintiff's second amended complaint. Doc. #86. On February 19, 2015, Defendant filed the instant motion to dismiss or, in the alternative, for summary judgment. Doc. #96. As grounds for dismissal, Defendant argues that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief may be granted. *Id*. at ¶¶ 1–2.

Following a one-month extension granted at Plaintiff's behest, Doc. #100,[4] Plaintiff responded in opposition to the motion. Doc. #105. In his response, Plaintiff argues, among other things, that "[t]here are material facts in dispute … as to the terms and conditions of the [settlement] agreement." Doc. #106 at 14. Defendant replied within the time allowed, arguing that this Court lacks jurisdiction over Plaintiff's claim "that the breach itself is retaliation for filing the original discrimination suit." Doc. #111 at 3.

---

[4] The extension was granted based upon the representation in Plaintiff's motion that counsel for Plaintiff had contacted counsel for Defendant and that Defendant's counsel stated the motion was unopposed. *See* Doc. #100. Shortly after the extension was granted, Defendant filed a notice stating that "Plaintiff's attorney did not contact Defendant as alleged in paragraph 7 of this motion." Doc. #101. Based upon Defendant's response, this Court issued an order directing Plaintiff to show cause why the Court should not withdraw the order granting the extension and find Plaintiff's counsel in violation of Rule 11(b) of the Federal Rules of Civil Procedure. Doc. #103. Plaintiff's counsel responded to the order to show cause stating that the extension motion was prepared by his paralegal and that he "assumed that she had contacted counsel for defendant and that the representation in the pleading was true." Doc. #104 at ¶¶ 4–6. While the Court will not issue sanctions for the mistaken representation, counsel for Plaintiff is reminded that "[i]t is clear that the signer [of a document] has a 'personal, nondelegable responsibility' to comply with Rule 11 before signing …." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1278 (3d Cir. 1994) (quoting *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 127 (1999)); *see also Rouse v. II-VI Inc.*, 2013 WL 5414105 at *2 (W.D. Pa. Sep. 26, 2013) ("Rule 11 imposes a 'nondelegable duty' upon the person signing a pleading, written motion, or other paper filed with the Court 'to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion.'") (quoting *Garr*, 22 F.3d at 1277)).

On June 12, 2015, Defendant filed a motion in limine seeking to prohibit Plaintiff "from raising the Settlement Agreement or any claim of a promise that he would be promoted to a GS-15, Technology Transfer Coordinator, as this claim is part of his allegations against Defendant for breach of contract and is still being raised in all of his claims and pleadings filed in this case." Doc. #112 at ¶ 2. Plaintiff timely responded to the motion in limine. Doc. #114. In his memorandum in response to the motion, Plaintiff argues that "[t]he question of whether plaintiff was promised a promotion to that position at the GS-15 level is inextricably tied into his complaints of retaliation for conduct he engaged in <u>after</u> the aforementioned Settlement Agreement was entered into." Doc. #115 at ¶ 3 (emphasis added).

## II
## Jurisdiction

In its motion to dismiss, which includes twenty evidentiary exhibits, Defendant argues that: (1) this Court lacks subject matter jurisdiction; (2) Plaintiff's complaint fails to state a claim upon which relief can be granted; and (3) the evidentiary record does not support Plaintiff's claims. Doc. #96. Thus, Defendant seeks dismissal pursuant to Rule 12(b)(1), dismissal pursuant to Rule 12(b)(6), or summary judgment pursuant to Rule 56. Doc. #97 at 7–9.

Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Tatum v. Bd. of Supervisors of Louisiana Sys.*, 9 F. Supp. 3d 652, 655 (E.D. La. 2014) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When considering a motion to dismiss for lack of subject matter jurisdiction, "[c]ourts may dismiss for lack of subject matter jurisdiction on any

one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986)).

When lack of jurisdiction is premised on the complaint alone, such a challenge is called a "facial attack," under which "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In contrast, a factual attack is based on the evidentiary record, and is defeated when the plaintiff "submit[s] facts through some evidentiary method … proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id*. "Regardless of whether the attack is facial or factual, the party asserting federal jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Ramirez v. Lone Star Pediatrics, P.A.*, No. 3:13-cv-2035, 2014 WL 1281510, at *3 (N.D. Tex. Mar. 31, 2014) (quoting *Ramming*, 281 F.3d at 161).

Defendant's motion to dismiss does not specify the grounds of its 12(b)(1) motion. However, as explained above, its reply brief[5] argues that, to the extent Plaintiff's discrimination claims are based on a contract with the government, the Court lacks jurisdiction over such claims. Doc. #111 at 3. In making this argument, Defendant does not cite to any evidentiary

---

[5] While new arguments ordinarily may not be raised in a reply brief, this rule does not apply to jurisdictional arguments. *See U.S. v. Prestenbach*, 230 F.3d 780, 782 n.3 (5th Cir. 2000) ("He raises the subject matter jurisdiction argument for the first time in his reply brief, but, of course, this court may always raise the question of subject matter jurisdiction on appeal and in the courts below.").

materials. *Id.* Accordingly, the Court deems the jurisdictional challenge to be a facial attack and will, accordingly, confine its analysis to the face of the complaint.[6]

"The Tucker Act … vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon … contracts and seeking amounts greater than $10,000." *Burkins v. U.S.*, 112 F.3d 444, 449 (10th Cir. 1997) (internal quotation marks omitted). Pursuant to this statute, the district courts lack jurisdiction over Title VII claims brought against the United States, where such claims seek more than $10,000 and would require that the plaintiff prove a breach of contract with the United States. *See Brown v. U.S.*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (dismissing Title VII claim where it required that plaintiff "first prove the Department breached [a] settlement agreement"). However, the district courts have jurisdiction over a Title VII claim which exists independently from a breach of contract claim, "*even if the conduct underlying those two claims is the same*." *Chartier v. Foxx*, No. 2:15-CV-00462, 2015 WL 3617024, at *8 (C.D. Cal. June 8, 2015) (emphasis in original). Put differently, district courts have jurisdiction over Title VII claims where wrongful conduct happens to breach a government contract, but not where the claim is for more than $10,000 and the wrongful conduct is the breach itself.

Here, there can no serious dispute that Plaintiff's Title VII claims, which seek years of back pay and compensatory damages, seek more than $10,000. Plaintiff certainly has not alleged that the amount at issue is less than $10,000. Accordingly, to the extent Plaintiff's claims

---

[6] While the Court is aware that the motion to dismiss contains evidentiary attachments, Defendant's jurisdictional arguments did not cite to these documents. To the extent Defendant's motion may be more properly viewed as a factual attack, nothing in the record would alter this Court's jurisdictional holding. To the contrary, as discussed in footnote 7, consideration of Plaintiff's subsequent filings has only added to the confusion regarding the nature of his claims. Even if the complaint could pass the factual test, dismissal would still be required. *See Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) ("[I]f the jurisdictional challenge does not implicate the merits of the cause of action, the jurisdictional basis must survive both facial and factual attacks before the district court can address the merits of the claim."); *see also Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d 631, 633 (E.D. La. 1999) (same) (citing *Lewis*).

depend on determining Defendant's compliance with the settlement agreement, this Court lacks jurisdiction to adjudicate the action. *Brown*, 389 F.3d at 1297. In making this determination, the Court should focus on to what extent, if any, the relevant claims reference a contract with the government and whether such claims allege breaches of that agreement. *See Chartier*, 2015 WL 3617024, at *8 ("[I]n plaintiff's 2014 Complaint, plaintiff makes no reference to the 2002 settlement agreement or any breach thereof. Accordingly, construing plaintiff's claim for discriminatory reassignment as distinct from any claim that defendant breached the 2002 Settlement Agreement, the Court concludes that it does not lack subject matter jurisdiction over the reassignment claim.").

The entirety of the wrongful conduct pled in Plaintiff's second amended complaint relates to Defendant's failure to abide by the terms of the Settlement Agreement controlling his employment status and performance reviews. *See* Doc. #84 at ¶¶ 12–17, 19. Plaintiff has not made any allegations which would suggest the existence of wrongful conduct independent of the breaches themselves. In the absence of such allegations, the Court cannot conclude that Plaintiff's claims, as pled, exist independently of a breach of contract claim.[7] Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction [96] will be **GRANTED**.

---

[7] While not relevant to the facial inquiry, the Court notes that the confusion as to the nature of the claims at issue carries over to Plaintiff's responsive brief opposing the motion to dismiss, *see* Doc. #106 at 9 ("As part of the 2008 agreement, plaintiff's performance and position were to be audited by the defendant's Agency, but contrary to their agreement defendant failed and refused to complete an audit."); *id*. at 12–13 ("A reasonable jury could conclude that defendant made a promise to Joe Lipovsky when he settled his previous lawsuit [and] they are refusing to honor their commitment to him in retaliation for that event."); *id*. at 21 ("[I]t is particularly telling that management has not offered a legitimate reason for denying Lipovsky the promised promotion and pay increase."); and to Plaintiff's response to the motion in limine, *see* Doc. #115 at 2 ("The question of whether plaintiff was promised a promotion to that position at the GS-15 level is inextricably tied into his complaints of retaliation for conduct he engaged in <u>after</u> the aforementioned Settlement Agreement was entered into.") (emphasis in original). These arguments are particularly problematic to the extent, in his response to the motion to dismiss, Plaintiff seems to lump the breaches of contract with other wrongful conduct for the purpose of establishing the requisite level of retaliation. *See* Doc. #106 at 21 ("The conduct of USDA in this case is actionable retaliation because similar conduct exposed to a reasonable employee in a similar situation may cause that employee to determine that it is more prudent not to file a charge of retaliation and hope that the employer will in good faith keep its promote to effectuate the promotion, and

Having found that dismissal is warranted, the Court notes that, if under a facial attack, "the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice." *Empire Kosher Poultry, Inc. v. United Food and Commercial Workers Health and Welfare Fund of N.E. Penn.*, 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); *see also In re Parkway Sales and Leasing, Inc.*, 411 B.R. 337, 348 (Bankr. E.D. Tex. 2009) (where amendment would not be futile, the "Court is not compelled to dismiss the case … but may deny the Defendant's Motion to Dismiss under Rule 12(b)(1) and direct [plaintiff] to amend the complaint, or dismiss with leave to amend.") (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Here, Plaintiff has failed to allege facts distinguishing a claim for unlawful discrimination from a claim for breach of contract. Under these circumstances, the Court concludes that Plaintiff's complaint is merely deficient as pleaded. *See generally Jarvis v. Griffin*, No. 608-cv-138, 2008 WL 5111242, at *5 (M.D. Fla. Dec. 3, 2008) ("Neither the face of the Complaint nor the evidence she presents establishes that her claims are below or equal to the jurisdictional maximum of the Little Tucker Act. Thus, under the principles described above, the Court lacks subject jurisdiction over the FLSA claims as they are currently pled, and these claims must therefore be dismissed without prejudice. Jarvis will be given leave to amend her Complaint to bring the amount of her claims within the Court's jurisdictional maximum [as set forth in the Tucker Act]."); *Al-Garidi v. Holder*, No. 09-cv-6160L, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("For the reasons set forth below, the complaint is subject to dismissal for lack of jurisdiction. The Court will afford plaintiff an opportunity to file an amended complaint in which

---

therefore the pay increase."). This conflation of the breach with other allegedly wrongful conduct renders a merits analysis of Plaintiff's claims virtually impossible.

he sets forth only claims for which the Court may have jurisdiction and clarifies the basis for the claim."). Accordingly, Plaintiff should be granted leave to amend his complaint. Should Plaintiff wish this Court to retain jurisdiction of his action, he must file a third amended complaint adequately alleging this Court's jurisdiction over the matter within fourteen (14) days from the date of this order.

Having found that Plaintiff must re-plead his complaint for this Court to retain jurisdiction, the trial in this matter, currently set for July 20, 2015, is hereby **CONTINUED** until further order of this Court. Accordingly, Defendant's motion in limine [112] is **DENIED as moot.**

SO ORDERED, this 13th day of July, 2015.

<u>**/s/ Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**